# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES CLEM, Derivatively on Behalf of EXELON CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER M. CRANE, JOSEPH DOMINGUEZ, ANNE R. PRAMAGGIORE, and WILLIAM A. VON HOENE, JR., <br><br> Defendants, <br><br> - and - <br><br> EXELON CORPORATION, a Pennsylvania Corporation, <br><br> Nominal Defendant. | Case No. 1:21-cv-03611 <br><br> Hon. John Robert Blakey |

## JOINT AGREED MOTION FOR EXTENSION OF TEMPORARY STAY PENDING SPECIAL LITIGATION COMMITTEE INVESTIGATION

Plaintiff James Clem ("Plaintiff"), Nominal Defendant Exelon Corporation ("Exelon" or "Nominal Defendant"), and the Individual Defendants Christopher M. Crane, Joseph Dominguez, William A. Von Hoene, Jr., and Anne R. Pramaggiore (collectively, the "Individual Defendants," and with Exelon, and Plaintiff, the "Parties"), by and through their attorneys, jointly move this Court for an extension of the temporary stay pending the investigation of the Special Litigation Committee entered by the Court on June 3, 2022. (Dkt. No. 33.) In support thereof, the Parties state as follows:

WHEREAS, on July 8, 2021, Plaintiff filed a stockholder derivative complaint (the "Complaint"), seeking to pursue claims derivatively on behalf of Nominal Defendant Exelon alleging breach of fiduciary duty, unjust enrichment, and violations of securities law by the Individual Defendants (the "Action").

WHEREAS, Exelon's Board of Directors (the "Board") established a Special Litigation Committee ("SLC") to investigate, inter alia, the allegations and demands contained in Plaintiff's Complaint and to report back to the full Board with its recommendations.

WHEREAS, on October 12, 2021, the Parties jointly moved this Court for an order temporarily staying the Action for a minimum of 120 days in order to permit the SLC to proceed with its investigation. (Dkt. No. 26.) In support of their motion, the Parties stated that "under the unique circumstances of this Action, the interests of efficient and effective case management and conservation of judicial and litigant resources would best be served by temporarily staying all proceedings and deadlines in this Action until the SLC completes its investigation, and the Board notifies Plaintiff of its determination with respect to the Complaint." (*Id.* at 1.) The Parties agreed that "[n]o later than fourteen days prior to the expiration of the 120-day stay, the Parties will meet

and confer concerning the status of the investigation and whether the stay should be extended." (*Id.* at 2.)

WHEREAS, the Court granted the Parties' motion on October 14, 2021, staying the case until February 14, 2022. (Dkt. No. 27.) The Court further ordered the Parties to "file an updated status report by 1/31/22 concerning the SLC and proposing reasonable case management dates, including a deadline for Defendants to respond to the complaint." (*Id.*)

WHEREAS, on January 31, 2022, the Parties jointly moved this Court for an order temporarily staying the Action for an additional 120 days in order to permit the SLC to proceed with its investigation. (Dkt. No. 29.)

WHEREAS, the Court granted the Parties' motion on February 3, 2022, staying the case until June 14, 2022. (Dkt. No. 30.) The Court further ordered the Parties to "file an updated status report by 6/1/22 concerning the SLC, the parties' positions on lifting the stay, and any proposed case management dates." (*Id.*)

WHEREAS, on June 1, 2022, the Parties jointly moved this Court for an order temporarily staying the Action for an additional 90 days in order to permit the SLC to proceed with its investigation. (Dkt. No. 32.)

WHEREAS, the Court granted the Parties' motion on June 3, 2022, staying the case until September 16, 2022. (Dkt. No. 33.) The Court further ordered the Parties to "file an updated status report by 9/9/22 concerning the SLC, the parties' positions on lifting the stay, and any proposed case management dates." (*Id.*)

WHEREAS, the SLC, through its counsel, has informed counsel for the Parties that it has been pursuing its investigation diligently; that its investigation is ongoing; that it has made substantial progress in its work; but that it will require additional time to complete its investigation

and has requested that the Parties seek an extension of the temporary stay to permit it to complete its investigation, as contemplated by 15 Pa. C.S. § 1783.

WHEREAS, the Parties have met and conferred and, while reserving all rights not addressed herein, have agreed that the interests of efficient and effective case management and conservation of judicial and litigant resources would best be served by extending the temporary stay of the Action for an additional 90 days in order to permit the SLC to proceed with its investigation, on the terms set forth herein.

WHEREAS, the Parties make this request in good faith and not for the purposes of delay or any other improper reason.

WHEREFORE, the Parties jointly request that the Court grant this agreed motion and enter an order extending the temporary stay of the Action, as follows:

1. The Action shall be stayed for an additional 90 days from September 16, 2022. After this 90-day period, either party may terminate the stay by providing thirty days' written notice to all counsel of record via e-mail that they no longer consent to the voluntary stay of this Action.

2. No later than fourteen days prior to the expiration of the 90-day stay, the Parties will meet and confer concerning the status of the investigation and whether the stay should be extended. The Parties will report to the Court the results of the meet and confer prior to the expiration of the 90-day stay and, if appropriate, file a proposed schedule governing future proceedings.

3. By making this joint motion, the Parties reserve all of their respective rights, claims, and defenses in this Action, and no part of this agreed motion shall be construed as a waiver of any rights, claims, or defenses.

Dated:  September 9, 2022  **POWER ROGERS, LLP**

*/s/ Dominic C. Loverde*
DOMINIC C. LOVERDE #6324263
70 W. Madison Street, 55th Floor
Chicago, IL 60602
Telephone: (312) 827-6113
Facsimile: (312) 236-0920
Illinois Bar No. 6324263
E-mail: dloverde@powerrogers.com

**ROBBINS LLP**
BRIAN J. ROBBINS
STEPHEN J. ODDO
ERIC M. CARRINO
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
          soddo@robbinsllp.com
          ecarrino@robbinsllp.com

*Attorneys for Plaintiff*

Dated: September 9, 2022                    **RILEY SAFER HOLMES & CANCILA LLP**

*Matthew C. Crowl*
MATTHEW C. CROWL (IL Bar #6201018)
BRIAN O. WATSON (IL Bar #6304248)
AMY C. ANDREWS (IL Bar #6226692)
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
E-mail: mcrowl@rshc-law.com
        bwatson@rshc-law.com
        aandrews@rshc-law.com

**DAVIS POLK & WARDWELL LLP**
JAMES P. ROUHANDEH (#2211837)
EDMUND POLUBINSKI III (#3022332)
MARI BYRNE (#5074893)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
E-mail: rouhandeh@davispolk.com
        edmund.polubinski@davispolk.com
        mari.byrne@davispolk.com

*Attorneys for Defendants Christopher M. Crane, William A. Von Hoene, Jr., and Joseph Dominguez, and Nominal Defendant Exelon Corporation*

Dated: September 9, 2022                    **SIDLEY AUSTIN LLP**

*Scott R. Lassar*
SCOTT R. LASSAR
DAVID A. GORDON
JENNIFER M. WHEELER
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
E-mail: slassar@sidley.com
        dgordon@sidley.com
        jwheeler@sidley.com

*Attorneys for Defendant Anne R. Pramaggiore*