**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE EXELON CORPORATION DERIVATIVE LITIGATION | Case No. 21-cv-3611<br><br>Judge John Robert Blakey |

**EXELON'S UNOPPOSED MOTION FOR LEAVE TO FILE
UNDER SEAL PURSUANT TO LOCAL RULES 5.8 AND 26.2**

Nominal Defendant Exelon Corporation ("Exelon") hereby respectfully moves pursuant to Local Rules 5.8 and 26.2(c) for an Order granting leave to file under seal (i) an unredacted version of its Joinder in Renewed Motion for Preliminary Approval of Derivative Settlement (the "Exelon Joinder"); and (ii) Exhibits A through C to the Declaration of Edmund Polubinski III in Support of the Exelon Joinder (the "Polubinski Declaration"). In support of its unopposed motion to seal, Exelon states as follows:

1. Under the applicable terms of the Agreed Confidentiality Order in this case (ECF No. 142), any party is permitted to designate material as "Confidential" if the material "falls within one or more" of several enumerated categories that include "research, technical, commercial or financial information that the party has maintained as confidential." ECF No. 142 at ¶¶ 2-3.

2. The Agreed Confidentiality Order requires that "[a]ny party wishing to file [materials designated as Confidential] in connection with a motion, brief or other submission to the Court must comply with LR 26.2." *Id.* at ¶ 7.

3. Under Local Rule 26.2(c), "[a]ny party wishing to file a document or portion of a document electronically under seal in connection with a motion, brief or other submission must . . . move the court for leave to file the document under seal," and under Local Rule 26.2(b), the "[C]ourt may for good cause shown enter an order directing that one or more documents be filed under seal." LR 26.2(b), (c).

4. Exhibits A through C of the Polubinski Declaration, cited in the Exelon Joinder, are documents produced by Exelon that have been designated Confidential by Exelon under the Agreed Confidentiality Order. In compliance with Local Rule 26.2, Exelon believes that good cause exists to file those exhibits under seal.

5. The Exelon Joinder discusses and quotes from Exhibits A through C of the Polubinski Declaration. In compliance with Local Rule 26.2, Exelon believes that good cause exists to file under seal the portions of the Exelon Joinder that reference Confidential material in those exhibits.

6. In compliance with Local Rule 26.2(c), Exelon will file public-record versions of the Exelon Joinder that redact references to Confidential material and omits Confidential documents attached as exhibits.

7. Counsel for Exelon has conferred with counsel for the SLC, IRC, Settling Shareholders, and Opposing Shareholders and understands that no parties oppose this Motion.

WHEREFORE, Exelon respectfully submits that the Court grant its motion for leave to file the unredacted Exelon Joinder and Exhibits A through C of the Polubinski Declaration under seal.

Dated: October 26, 2023

Respectfully submitted,

RILEY SAFER HOLMES & CANCILA LLP

*/s/ Matthew C. Crowl*
Matthew C. Crowl (IL Bar #6201018)
Brian O. Watson (IL Bar #6304248)
Amy C. Andrews (IL Bar #6226692)
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
mcrowl@rshc-law.com
bwatson@rshc-law.com
aandrews@rshc-law.com

DAVIS POLK & WARDWELL LLP
Edmund Polubinski III (#3022332)
Nikolaus J. Williams (#5376868)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5835
edmund.polubinski@davispolk.com
nikolaus.williams@davispolk.com

Mari Grace (#5074893)
901 15th St NW
Washington, DC 20005
Telephone: (202) 962-7000
Facsimile: (202) 962-5642
mari.grace@davispolk.com

*Attorneys for Defendants Christopher M. Crane, Joseph Dominguez, William A. Von Hoene, Anthony K. Anderson, Ann C. Berzin, Laurie Brlas, Yves de Balmann, Nicholas DeBenedictis, Linda Jojo, Paul L. Joskow, Robert J. Lawless, Richard W. Mies, John W. Rogers, Jr., Mayo A. Shattuck III, Stephen D. Steinour, and John F. Young and Nominal Defendant Exelon Corporation*

3